

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


ARMANDO AVILA-LUCAS,                    Civ. No. 07-1157-AA

    Petitioner,                       OPINION AND ORDER

  v.

BRIAN BELLEQUE, Superintendent,
Oregon State Penitentiary,

    Respondent.

_____

Corinne J. Lai
Attorney at Law
520 SW 6th Avenue, Suite 825
Portland, OR 97204
    Attorney for petitioner

John R. Kroger
Attorney General
Lynn D. Larsen
Assistant Attorney General
Department of Justice
1162 Court Street N.E.
Salem, Oregon 97301
    Attorneys for respondent

1    - OPINION AND ORDER

AIKEN, Chief Judge:

Petitioner Armando Avila-Lucas, an inmate at the Oregon State Penitentiary, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner alleges that he received ineffective assistance of counsel prior to pleading guilty to two counts of first-degree Rape and one count of Unlawful Sexual Penetration in the First Degree. Petitioner alleges his guilty pleas were thus rendered involuntary and the resulting conviction and sentence invalid under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. Respondent maintains that petitioner's pleas are valid and that the court should defer to the state court ruling against petitioner. I agree with respondent and deny the petition.

## BACKGROUND

On January 29, 2003, petitioner pled guilty to two counts of Rape in the First Degree and one count of Unlawful Sexual Penetration in the First Degree. Prior to his plea, petitioner had read and signed a plea petition that provided for open sentencing, a maximum possible sentence of "20 years x 3," and a minimum sentence of 100 months in accordance with statutory requirements. See Or. Rev. Stat. § 137.700. At the plea hearing, the trial judge advised petitioner as follows:

> Mr. Avila, I have before me [a] petition to enter a guilty plea to Rape in the First Degree in count 1, Rape in the First Degree in count 2, and Unlawful Sexual Penetration in count 7. All of these cases are what we

2   - OPINION AND ORDER

> call Measure 11 cases and would carry presumptive prison sentences of 100 months on both the Rape cases and 75 months I believe on - no, it's 100 months on all three cases. Do you understand that?

Respondent's Ex. 104, pp. 2-3. Petitioner affirmed his understanding through an interpreter and acknowledged that the plea petition had been read to him in Spanish before he signed it. Id. p. 3.

On April 1, 2003, petitioner was sentenced to 100 months on count 1, 100 months on count two, with 50 months imposed consecutively to count 1 and the remainder concurrently, and 120 months on count 3 to be served concurrently to counts 1 and 2.

Petitioner did not directly appeal his conviction, but he filed a Petition for Post-Conviction Relief (PCR) in state court alleging numerous claims of ineffective assistance of counsel, prosecutorial misconduct, and trial court error. Resp. Ex. 107. As evidence, petitioner offered an affidavit from the Mexican Consular in support his claim that he did not have full understanding of the consequences of his plea. Resp. Ex. 122, p. 3. However, respondent's objection to the affidavit based on relevance was sustained and the affidavit was not received. Id. p. 5. After a hearing on July 15, 2004 at which petitioner testified about his alleged misunderstanding, the post-conviction court denied relief. Resp. Ex. 124. Petitioner then filed an Objection and Motion to Reconsider. Resp. Ex. 125. After oral argument and briefing on the Motion to Reconsider, the PCR court entered

3   - OPINION AND ORDER

Findings of Fact and Conclusions of Law that petitioner had not met his burden on any of the alleged grounds. Resp. Exs. 127 and 128. The PCR court made the following findings of fact relevant to this petition:

> 4. Petitioner was fully advised of the crimes with which he was charged, the prison term that he might serve, and the possibility that consecutive sentences might be imposed.
>
> \*\*\*
>
> 6. Petitioner was fully apprised of the contents of the Plea Petition. His plea was entered voluntarily, knowingly, and intelligently.
>
> \*\*\*
>
> 12. Counsel had no basis for contacting the Mexican Consulate.
>
> \*\*\*
>
> 14. Petitioner did not prove by a preponderance of the evidence that trial counsel's conduct and defense of petitioner was inadequate.

Resp. Ex. 127, pp. 4-5. Additionally, the court found the petition to be "without merit and frivolous." Id. p. 5. After concluding that "[p]etitioner did not prove any of his post-conviction claims by a preponderance of the evidence," the PCR court denied relief. Id. p. 6.

Petitioner appealed the PCR court's decision to the Oregon Court of Appeals, which granted respondent's motion for summary affirmance on February 14, 2007. Resp. Ex. 132. Petitioner then submitted a petition for review to the Oregon Supreme Court, which denied review on April 10, 2007. Resp. Ex. 134.

4    - OPINION AND ORDER

On August 2, 2007, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his First Amended Petition for Writ of Habeas Corpus, petitioner asserts two claims: (1) trial counsel was ineffective for failing to advise petitioner about the minimum sentence he could receive under Oregon sentencing guidelines; and (2) the PCR court erred in finding that petitioner's guilty pleas were knowing, intelligent, and voluntary when it excluded the Mexican Consular's affidavit, which petitioner argues was relevant to the voluntariness of his plea.

## STANDARD

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), a federal court may not grant a habeas petition regarding any claim "adjudicated on the merits" in a state court, unless the state court ruling "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court." 28 U.S.C. § 2254(d)(1).

The Supreme Court has explained that a state court decision is "contrary to" federal law under the AEDPA if it either fails to apply the correct Supreme Court authority, or applies the correct controlling authority to a case involving "materially indistinguishable" facts but reaches a different result. Williams v. Taylor, 529 U.S. 362, 405-07, 413 (2000). Similarly, a state court decision is an unreasonable application of federal law "if the state court identifies the correct governing legal principle

from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Lockyer v. Andrade, 538 U.S. 63, 75 (2003) (citations omitted).

"In Williams and in subsequent decisions the Supreme Court has repeatedly emphasized that 'an unreasonable application of federal law is different from an incorrect application of federal law.'" Clark v. Murphy, 331 F.3d 1062, 1067 (9th Cir. 2003) (quoting Williams, 529 U.S. at 410). Thus, "[t]he petitioner must demonstrate not only that the state court's application of governing federal law was erroneous, but also that it was objectively unreasonable." Ramirez v. Castro, 365 F.3d 755, 762 (2004) (citing Andrade, 538 U.S. at 75); see also Penry v. Johnson, 532 U.S. 782, 793 (2001); Clark, 331 F.3d at 1068-69 (discussing Andrade and the appropriate standard of review).

## DISCUSSION

Petitioner alleges two claims in this habeas proceeding. First, petitioner argues he received ineffective assistance of trial counsel and that his guilty pleas were not knowingly, voluntarily, and intelligently entered because they were made in reliance on counsel's erroneous advice regarding the minimum sentence petitioner could receive.

To demonstrate ineffective assistance of counsel, a petitioner must show both that counsel's performance was deficient and that the deficient performance resulted in prejudice. Strickland v.

Washington, 466 U.S. 668, 687 (1984). In plea proceedings, the petitioner must show that counsel's advice as to the consequences of the plea was not within the range of competence demanded of criminal attorneys, and that but for counsel's advice, he would not have pleaded guilty. Hill v. Lockhart, 474 U.S. 52, 58-59 (1985); Donagiere v. United States, 914 F.2d 165, 168 (9th Cir. 1990).

Petitioner asserts that trial counsel failed to inform him of the highest minimum sentence he faced (116 months under the Oregon Sentencing Guidelines), as opposed to the statutory minimum sentence of 100 months. Memorandum in Support of First Amended Petition ("Pet.'s Memorandum in Support"), p. 10. Petitioner claims that but for counsel's supposed erroneous advice as to the minimum sentence, there is a reasonable probability that petitioner would have insisted on going to trial. However, petitioner has failed to establish that counsel's advice was constitutionally deficient or that petitioner would have gone to trial if counsel's advice had been different. Petitioner has also failed to prove that the PCR court applied Strickland to the facts of his case in an objectively unreasonable manner. See Bell v. Cone, 535 U.S. 685, 694 (2002).

The PCR court expressly followed Strickland and addressed petitioner's ineffective assistance of counsel claim on the merits. Resp. Ex. 127, p. 5. In making its factual determinations, the PCR court found that petitioner's guilty plea was entered "voluntarily,

7   - OPINION AND ORDER

knowingly, and intelligently." Id. p. 4. The PCR court also found that petitioner was "fully advised of . . . the prison term that he might serve[.]" Id. Furthermore, the PCR court found that petitioner's post-conviction petition was "without merit and frivolous" as a whole. Id. p. 5. The PCR court's findings were supported by evidence in the record.

The plea petition clearly advised petitioner that the maximum sentence in petitioner's case was "20 years x 3," and that the minimum sentence was "100 months per [Or. Rev. Stat. § 137.700]." Resp. Ex. 103, p. 1. Petitioner confirmed at the plea hearing that the plea petition had been read to him in Spanish and he had discussed it with counsel. Resp. Ex. 104, p. 3. Trial counsel averred in his affidavit that he informed petitioner "the minimum sentence he could receive under ORS 137.700 was 100 (one hundred) months[.]" Resp. Ex. 115, p. 1. Furthermore, the trial court correctly advised petitioner prior to entry of his pleas that each of the three charges against him carried a statutory minimum sentence of 100 months. Resp. Ex. 104, p. 3. Petitioner has failed to produce evidence undermining the reasonableness of the PCR court's ruling that he was correctly advised of the sentence he could receive. Petitioner's assertion that he "feels he was entitled to know the highest minimum sentencing guideline minimum" is unsupported and fails to establish constitutionally deficient advice from counsel.

I thus agree with the PCR court that petitioner fails to establish that his trial counsel's representation was deficient or that it fell below an objective standard of reasonableness. See Strickland, 466 U.S. at 687-88. Petitioner relies solely on his allegation that trial counsel failed to inform him of the highest minimum guideline sentence as opposed to the minimum sentence under a superceding statute. Petitioner also asserts that counsel incorrectly advised him that the minimum sentence he faced was 70 months.[1] Regardless, given the plea petition, the transcript of the plea colloquy, and trial counsel's affidavit (See Resp. Ex. 115, p. 1), the PCR court's decision that petitioner was correctly advised as to the minimum sentence was not an unreasonable application of Strickland.

Petitioner also argues that his plea was not knowing, voluntary or intelligent. Before entering a plea of guilty, a defendant must be aware of the nature and elements of the charges against him and the potential punishment. Brady v. United States, 397 U.S. 742, 749 (1970). Petitioner's assertion that he did not know the "highest minimum sentencing guideline minimum," does not render his guilty pleas unknowing and involuntary. As discussed above, petitioner was correctly advised as to the sentence to which

---

[1] Petitioner's own testimony conflicts as to whether he was advised of a 70-month or 100-month minimum sentence, though here petitioner asserts that he was advised that the minimum sentence was 70 months. See Pet.'s Memorandum in Support, p. 10.

9    - OPINION AND ORDER

he was exposed in accordance with constitutional requirements.

Furthermore, petitioner has failed to show prejudice. Given the seriousness of the charges against him, petitioner produces no reliable evidence to show that it is reasonably probable that he would have insisted on proceeding to trial if trial counsel had informed him of the 116-month minimum under the Oregon Sentencing Guidelines. In particular, petitioner testified at the PCR trial that his attorney advised him that he could receive a sentence within the range of "100 to 300 months." Resp. Ex. 122, p. 14. Petitioner was in fact sentenced within that range.

Petitioner's second claim is that the PCR court erred in determining that his guilty pleas were knowing, voluntary, and intelligent after excluding the Mexican Consular's affidavit from evidence.[2] Petitioner argues that his plea was not knowing because he did not understand the underlying proceedings and the Mexican Consular's affidavit was relevant to show that the Consulate is typically available to provide legal assistance to Mexican citizens involved in American courts. See Pet.'s Memorandum in Support, pp. 11-12. This argument is unpersuasive and does not establish an unreasonable application of *federal* law, as the affidavit was

---

[2] Respondent argues that petitioner's second claim (Ground 2) is procedurally defaulted because it was not properly federalized on appeal from the PCR court's decision. However, since I find Ground 2 is without merit, I need not reach the issue of procedural default. See 28 U.S.C. § 2254 (b)(2).

excluded based on state evidentiary rules. Regardless, given petitioner's plea petition and plea colloquy, I cannot find that his guilty pleas were not knowing, intelligent, and voluntary.

In sum, petitioner fails to show that, under Strickland, counsel's performance was deficient or that it prejudiced the defense. Petitioner has also fails to show that the PCR court committed any error when it excluded the Mexican Consular's affidavit for lack of relevance. As such, the state PCR court's rulings were not an unreasonable application of federal law. Moreover, under the AEDPA, the PCR court's factual findings are entitled to this court's deference, and petitioner has failed to meet his "burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## CONCLUSION

For the reasons set forth above, petitioner's First Amended Petition under 28 U.S.C. § 2254 (doc. 22) for Writ of Habeas Corpus is DENIED, and this case is DISMISSED.

IT IS SO ORDERED.

Dated this 20 day of October, 2009.

Ann Aiken
Chief United States District Judge

11  - OPINION AND ORDER